IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

NETWORK EXECUTIVE SOFTWARE, INC.,

Plaintiff and
Counterclaim Defendant,

- against -

NETEX INC. F/K/A IMAGING
TECHNOLOGY SOLUTIONS, LLC,

Defendant and
Counterclaim Plaintiff.

CIVIL ACTION NO.
00-CV-25 PAM/JGL

# PROTECTIVE ORDER UNDER RULE 26(c) AS TO COMMERCIAL, TECHNICAL AND OTHER CONFIDENTIAL INFORMATION

It appearing to the Court that a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure is necessary and appropriate and will facilitate discovery, IT IS HEREBY ORDERED THAT:

1. Introduction and Scope.

This Protective Order shall govern any designated record or information produced in this action, including all designated motions and other papers submitted to the Court, all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal



FILED 8.17.00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

method of discovery or as a part of any disclosure required by Rule 26 of the Federal Rules of Civil Procedure or local rule.

2. Designation

Each party shall have the right to designate as confidential and subject to this Protective Order any thing, information, document or portion of any document produced or prepared by it in this litigation which the producing party deems to contain trade secrets, know-how, proprietary data, or other confidential technical, business or financial information (herein "Confidential Information"). Each party may designate as "CONFIDENTIAL" those documents and information it contends contain proprietary business information or trade secrets. In addition, each party may designate as "CONFIDENTIAL" those documents and information it contends contains (a) product, marketing and business plans, formulae, research, studies, projections, or strategies; or (b) tax, financial and accounting information.

Each party may also designate as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" those documents and information it contends contain:

a. Customer lists

b. Source codes

An obligation of good faith shall be imposed upon each party in connection with the designation of information, documents, or materials as Confidential Information, with the intent of requiring the use of discretion to minimize the number of items so designated.

This designation shall be made by stamping each page of a document containing Confidential Information with the legend CONFIDENTIAL or CONFIDENTIAL – OUTSIDE

COUNSEL ONLY, prior to its production or, if inadvertently produced without such legend by promptly furnishing written notice to the receiving party that the information or document shall be CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY under this Protective Order along with appropriately labeled copies of the Confidential Information. Any Confidential Information not reduced to documentary, tangible or physical form or which cannot be easily stamped may be designated by providing written notice of such designation and the designation of any storage media shall extend to the contents of such storage media. Materials provided for inspection by a party's counsel need not be designated as Confidential Information until copies of the materials are requested after inspection and selection by counsel. Making Confidential Information available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a party's counsel shall be treated as though designated as CONFIDENTIAL – OUTSIDE COUNSEL ONLY at the time of the inspection.

3. Limit on Use of Confidential Information.

Each party and all persons bound by the terms of this Protective Order shall use any Confidential Information governed by this Protective Order only for the purpose of prosecution, defense or settlement of the captioned action; no party or other person shall use any Confidential Information governed by this Protective Order for any purpose other than the prosecution, defense or settlement of the captioned action. The restrictions in this Protective Order shall not apply to information and material which (a) was, is, or becomes public knowledge, not in violation of this Order, or (b) is acquired from a third party lawfully possessing such information and/or having no obligation with regard to its disclosure.

4. Use of Confidential Information

4.1 "Confidential" Material.

Documents and information designated "CONFIDENTIAL" pursuant to this Order may be disclosed only to the following persons:

a. Outside counsel of record for the parties, legal assistants, and support staff employed by counsel of record;

b. Officers, in-house counsel, agents or employees of a party who needs access to such documents solely for the purposes of this litigation, who, prior to the disclosure to them of such documents, have signed a document in the form of Exhibit A attached hereto;

c. Any independent expert or consultant retained by the parties to assist in this litigation, who, prior to the disclosure to them of such documents, have signed a document in the form of Exhibit A attached hereto; and

d. Third parties specifically retained to assist the attorneys of record or a party in copying or computer coding of documents, organizing, filing, translating, converting, storing or retrieving data, or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system, but only for purposes of performing such services in connection with this litigation;

e. The Court and Court personnel as provided in Paragraph 10 herein; and

f. Such other persons agreed to by the parties or ordered by the Court.

No documents or information designated as CONFIDENTIAL shall be disclosed to any third party except by written stipulation of the parties or by order of the Court.

4.2 "Confidential - Outside Counsel Only" Material.

Documents and information designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" pursuant to this Order may be disclosed only to the following persons:

a. Counsel of record for the parties, legal assistants, and support staff employed by counsel of record;

b. Any independent expert or consultant retained by the parties to assist in this litigation, who, prior to the disclosure to them of such documents, have signed a document in the form of Exhibit A attached hereto;

c. Third parties specifically retained to assist the attorneys of record or a party in copying or computer coding of documents, organizing, filing, translating, converting, storing or retrieving data, or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system, but only for purposes of performing such services in connection with this litigation;

d. The Court and Court personnel as provided in Paragraph 10 herein; and

e. Such other persons agreed to by the parties or ordered by the Court.

No documents or information designated as CONFIDENTIAL – OUTSIDE COUNSEL ONLY shall be disclosed to any party to these actions, or any third party, or to any officer director or employee of any party, except by written stipulation of the parties or by order of the Court.

5. Identification of Experts.

Neither party shall disclose Confidential Information marked CONFIDENTIAL to any outside expert or outside consultant under paragraph 4 if such outside expert or outside consultant

is a current employee of or consultant to any company that might reasonably be deemed a direct competitor of the other party.

6. Related Documents.

Confidential Information designated as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY shall include (a) all copies, extracts and complete or partial summaries prepared from such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such information, copies, extracts, or summaries of it (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such information, copies, extracts, or summaries of it; (d) deposition testimony designated in accordance with Paragraph 7 below; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with Paragraph 8 below.

7. Designation of Deposition Transcripts.

Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either:

a. at the time of such deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY by the reporter, as the designating party may direct, or

b. within fourteen (14) days following receipt of the deposition transcript by providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

All deposition transcripts not previously designated shall be treated as CONFIDENTIAL – OUTSIDE COUNSEL ONLY for a period of fourteen (14) days after receipt of the transcript, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to Paragraph 4 herein to review documents or materials designated CONFIDENTIAL – OUTSIDE COUNSEL ONLY on behalf of that non-designating party.

Aside from professional translators and stenographic reporters, the designating party shall have the right to exclude from a deposition before the taking of testimony which the designating party designates as subject to this Protective Order all persons except the deponent and counsel for the deponent who agrees to be bound by this order, and any person authorized to receive disclosure under Paragraph 4 of this Order.

8. <u>Designation of Hearing Testimony or Argument</u>.

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of Confidential Information that should be kept CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY, counsel may designate on the record prior to such disclosure that it is CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY. Whenever matter designated as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may, with permission of that Court only, exclude from the room any person who is not entitled under this Order to receive information designated as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY.

9. Disclosure to Author or Recipient.

Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for a party from disclosing any document, whether designated as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY, to any person whom the document clearly identifies as the author or a recipient of such document; and regardless of designation pursuant to this Order.

10. Designation of Documents Under Seal.

The Clerk of this Court is directed to maintain under seal all documents, objects, transcripts of deposition testimony, and other materials and papers filed in Court which have been designated CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY. To assist the Clerk, any document or object which a party wishes to have placed under seal pursuant to this Order shall be filed in the Clerk's Office in a sealed envelope on which shall be endorsed the title and docket number of this action, an identification of the nature of the contents of the sealed envelope, the word "CONFIDENTIAL" and a statement substantially in the following form:

> This envelope, containing documents that are filed in this case by [party], is not to be opened nor the contents thereof to be displayed or revealed except by order or under direction of the Court.

11. Confidentiality of Party's Own Documents.

No person may disclose any Confidential Information, except as provided in this Protective Order; but nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, consultant or experts, or to any third person, Confidential Information designated by it as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY. Such

disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of this Protective Order.

12. Preparation of Witness and Exhibit Designation.

Any party may mark any designated material as an exhibit to a deposition, hearing or other proceeding and examine any witness who is not otherwise prohibited from viewing such material thereon, provided the exhibit and related transcript pages receive the same type of confidentiality designation as the original document.

13. Other Protections; Challenge to Confidentiality Designation.

This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of Confidential Information, or other discovery material as such party may consider appropriate. No party shall be precluded from (i) claiming that any Confidential Information is not entitled to the protections of this Protective Order, (ii) applying to the Court for an Order permitting a disclosure or use of Confidential Information otherwise prohibited by this Protective Order, or (iii) applying for an Order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

14. Prior or Public Knowledge.

The restrictions and obligations set forth herein relating to documents and things marked CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY shall not apply to any information which the parties agree in writing, or if they are unable to agree, the Court determines

(a) was or becomes public knowledge other than as a result of disclosure by the receiving party; or (b) has come or shall come into the receiving party's lawful possession independently of the producing party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person about any documents or things marked CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY if that person already had or obtained lawful possession thereof other than pursuant to this Protective Order. Nothing in this Protective Order shall affect or restrict use or disclosure of documents or things obtained other than through discovery pursuant to this Protective Order.

15. Limitation of Protective Order.

This Protective Order does not preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal rules of Civil Procedure.

16. Non-Party Material.

The terms of this Protective Order shall be applicable to CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY information submitted by a third party, and such information produced in connection with this action shall be protected by the remedies and relief provided by this Protective Order. A third party providing information to all parties through formal or informal discovery means shall (a) have the same right as a party to designate any such information under this Protective Order and (b) shall have standing to enforce the terms of this Protective Order with respect to disclosure and use of that third party's designated information. In addition, if any such third party is under an obligation of confidentiality to a party, that party (the "obliging" party), may designate any such information as CONFIDENTIAL or CONFIDENTIAL

– OUTSIDE COUNSEL ONLY. Any party obtaining any materials from such a third party shall provide immediate and simultaneous access to the information to the obliging party. The obliging party shall have ten (10) days to notify the party obtaining such information of the status of the materials. In the interim, any materials obtained from such a third party shall be treated as if designated CONFIDENTIAL – OUTSIDE COUNSEL ONLY. The party obtaining the information shall label and number the materials according to the designation and provide a copy of the labeled and numbered materials to the obliging party.

17. Return of Designated Information.

Upon final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return all designated Confidential Information, including all copies, extracts and summaries thereof, to the party from whom the designated Confidential Information was obtained, except that any documents or copies which contain or constitute attorney's work product may be retained by counsel, or destroyed. If retained, such work-product must be kept in one or more envelopes or containers, and each envelope or container shall bear the following legend on its exterior:

> THIS CONTAINS DOCUMENTS SUBJECT TO A PROTECTIVE ORDER OF THE COURT.

18. Waiver or Termination of Order.

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by the written stipulation executed by counsel of record for each designating party, or by an

order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Order of this Court.

19. Modification of Order; Prior Agreements.

This Protective Order may be modified, and any matter related to it may be resolved by written stipulation of the parties subject to approval of the Court.

20. Continuing Jurisdiction.

This order is ongoing and shall survive termination of this lawsuit. This Court shall retain jurisdiction to enforce the Protective Order even after termination of this lawsuit.

21. Paragraph Captions.

The Title captions for each paragraph of this Protective Order are for convenience only and are not intended to affect or alter the text of the paragraphs or the substance of the Order.

Dated this 16 day of August, 2000.

GRAY, PLANT, MOOTY, MOOTY
& BENNETT, P.A.

By: Laura J. Hein

Laura J. Hein
Attorney No. 155160
Ann K. Bloodhart
Attorney No. 248393
ATTORNEY FOR PLAINTIFF
NETWORK EXECUTIVE SOFTWARE, INC.
3400 CITY CENTER
33 SOUTH SIXTH STREET
MINNEAPOLIS, MINNESOTA 55402
TEL. (612) 343-2800

Dated this 15 day of August 2000.

FULBRIGHT & JAWORSKI L.L.P.

By: ______________________

Timothy M. Kenny
Attorney No. 247716
Mark N. Mutterperl
(admitted pro hac vice)
Patrick Gallagher
Attorney No. 294202
ATTORNEY FOR DEFENDANT
NETEX INC. F/K/A IMAGING TECHNOLOGY SOLUTIONS, LLC
4850 U.S. BANK PLACE
601 SECOND AVENUE SOUTH
MINNEAPOLIS, MINNESOTA 55402-4320
TEL. (612) 321-2800

FULBRIGHT & JAWORSKI L.L.P.
Mark N. Mutterperl
666 FIFTH AVENUE
NEW YORK, NEW YORK 10103
TEL. (212) 318-3000

SO ORDERED:

Dated: Aug. 17, 2000

______________________
District Judge/Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

NETWORK EXECUTIVE SOFTWARE, INC.,

Plaintiff and
Counterclaim Defendant,

- against -

NETEX INC. F/K/A IMAGING TECHNOLOGY SOLUTIONS, LLC,

Defendant and
Counterclaim Plaintiff.

CIVIL ACTION NO.
00-CV-25 PAM/JGL

AFFIDAVIT PURSUANT TO PROTECTIVE ORDER

STATE OF ________________ )
) s.s.:
COUNTY OF ________________ )

The undersigned, being duly sworn, states as follows:

1. My full name and current address is:

______________________________________________

______________________________________________

______________________________________________

2. Before receiving any documents and information designated by ______________________ as 'CONFIDENTIAL" in this action, I was provided with a copy of the Protective Order on file in this case, which I have read and fully understand.

3. I agree to be bound by the terms of the Protective Order, and to submit to the jurisdiction of the U.S. District Court of Minnesota concerning the enforcement of the Order.

4. I understand and agree not to discuss, disclose or otherwise reveal the information subject to the Protective Order to anyone, except individuals who are also permitted to view, inspect, examine or discuss the materials protected herein.

______________________________
Signature of Affiant

Subscribed and sworn to before me
this ____ day of _____________, 2000.

______________________________
Notary Public

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

B:\FORMS\PROTECOR.NOT
Rev. 8/92