UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Network Executive Software, Inc.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>Imaging Technology Solutions, LLC,<br><br>Defendant and Counterclaim Plaintiff. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | FILE NUMBER: 0C 25 PAM/JGL<br><br>**STIPULATION AND ORDER GRANTING LEAVE TO AMEND COMPLAINT** |

**STIPULATION**

The parties hereto, by and through their respective counsel, hereby stipulate and agree that the Court may enter an Order in the form set forth below.

Dated: August 8, 2000.

GRAY, PLANT, MOOTY,
MOOTY & BENNETT, P.A.

By: Laura J. Hein

Laura J. Hein
Attorney No. 155160
Attorneys for plaintiff
Network Executive Software, Inc.
3400 City Center
33 South Sixth Street
Minneapolis, Minnesota 5540?
Telephone: (612) 343-2800

FILED 8 17 00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

Dated: August 14, 2000.

FULBRIGHT & JAWORSKI L.L.P.

By: ______________________
Mark N. Mutterperl
Attorneys for defendant
Imaging Technology Solutions, LLC
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 318-3183

**ORDER**

Pursuant to the Stipulation of the parties, IT IS HEREBY ORDERED that plaintiff Network Executive Software, Inc. is granted leave to file and serve a Verified Amended and Supplemental Complaint in the form attached hereto.

Dated this ____ day of __________, 2000.

BY THE COURT:

______________________
Jonathan Lebedoff
United States Magistrate Judge

GP:722919 v1

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Network Executive Software, Inc., Plaintiff, vs. Imaging Technology Solutions, LLC, and Netex, Inc. Defendant. | ) ) ) ) ) ) ) ) ) | FILE NUMBER: 00-25 PAM/JGL **VERIFIED AMENDED AND SUPPLEMENTAL COMPLAINT** **(JURY TRIAL DEMANDED)** |

Plaintiff Network Executive Software, Inc., for its Amended and Supplemental Complaint against the defendants above named, states and alleges as follows:

THE PARTIES

1. Plaintiff Network Executive Software, Inc. ("NESI") is a Minnesota corporation with its principal place of business at Suite 300, 6420 Sycamore Lane North, Maple Grove, Minnesota 55369. Plaintiff is in the business of selling, licensing and servicing communications software for electronic data transmission under the federally-registered mark NETEX®.

2. Defendant Imaging Technology Solutions, LLC ("ITS") is or was a Louisiana limited liability company with its principal place of business at 1340 Poydras Street, Suite 600, New Orleans, Louisiana 70112. Defendant ITS is or was in the business of, among other things, selling electronic data transmission and management software under the mark NETEX. In addition, defendant ITS operates or operated an interactive Internet website at www.netex.com through which it has promoted and solicited sales of its NETEX software.

3. Defendant Netex, Inc., is, upon information and belief, a Louisiana corporation with its principal place of business at 1340 Poydras Street, Suite 600, New Orleans, Louisiana

70112. Upon information and belief, defendant Netex, Inc. is a wholly-owned subsidiary of defendant ITS, and was formed on or about January 5, 2000. Defendant Netex, Inc. is in the business of selling electronic data transmission and management software under the mark NETEX. In addition, defendant Netex, Inc. operates an interactive internet website at www.netex.com through which it promotes and solicits sales of its NETEX software.

JURISDICTION AND VENUE

4. This is an action for trademark infringement, false designation of origin, and unfair competition under 15 U.S.C. §§ 1114 and 1125(a) and under the common law.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338 and supplemental jurisdiction under 28 U.S.C. § 1367(a).

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b).

FACTS GIVING RISE TO VIOLATIONS OF LAW

7. On or about September 1, 1981, plaintiff's predecessor in interest, Network Systems Corporation, began selling in interstate commerce communication software for electronic data transmission under the mark NETEX®. On April 4, 1983, Network Systems Corporation filed with the United States Patent and Trademark Office (the "USPTO") an application to register the mark NETEX® on the USPTO's Principal Register; on November 13, 1984, the USPTO registered the mark NETEX® on its Principal Register, Registration No. 1,304,785 for "prerecorded computer programs and computer program instruction manuals, all sold as package" in International Class 9.

8. In March of 1995, Network Systems Corporation assigned all of its right, title and interest in the mark NETEX® to Storage Technology Corporation. In December of 1999,

Storage Technology Corporation assigned all of its right, title and interest in the mark NETEX® to plaintiff.

9. In the nineteen years since it was first adopted, plaintiff and its predecessors have used the mark NETEX® extensively and continuously throughout the United States, and have leased and licensed their NETEX® software to customers throughout the United States and in Canada, Europe, Asia and Australia. More specifically, plaintiff and its predecessors have sold NETEX® software to more than 300 businesses, including approximately 200 "Fortune 500" companies, which have used or are using the NETEX® software to transmit data in mission critical applications via a variety of communications circuits, including Asynchronous Transfer Mode ("ATM"), T1s, T2s, T3s, E1s, E2s, E3s, satellites, local area networks ("LANs"), wide area networks ("WANs"), and the Internet.

10. In the nineteen years since it was first adopted, plaintiff and its predecessors have spent substantial amounts of time and money promoting and advertising the NETEX® mark, through, among other things, USER conferences, trade shows, and print, broadcast, and Internet advertising.

11. Potential purchasers to whom plaintiff and its predecessors have marketed their NETEX® software have included data center managers, MIS directors and other MIS personnel, and technical advisors employed in a variety of industries, including banking, telecommunications, airlines, retail, manufacturing, and government.

12. As a result of its long, extensive and continuous use by plaintiff and its predecessors, and as a result of its extensive promotion and advertising by plaintiff and its predecessors, the mark NETEX® has become associated in the minds of the consuming public

with communications software for electronic data transmission emanating from plaintiff and its predecessors.

13. The validity of plaintiff's registered mark NETEX®, and plaintiff's exclusive right to use that mark in commerce, are incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b), as the required affidavits have been filed with the Commissioner of Patents and Trademarks.

14. Upon information and belief, defendant ITS began selling in interstate commerce communications software for electronic data transmission under the mark NETEX on or about April 1, 1997. Defendant adopted and began use of the mark NETEX without the permission or authority of plaintiff or its predecessors.

15. Defendants' unauthorized use of the mark NETEX in connection with communications software for electronic data transmission is likely to cause mistake, confusion and deception among members of the public as to the source of the parties' respective goods and services and as to whether defendant's goods and services are approved by or otherwise associated with plaintiff.

16. Defendants' conduct has subjected and will continue to subject plaintiff to irreparable injury for which plaintiff has no adequate remedy at law.

COUNT ONE

TRADEMARK INFRINGEMENT

17. Plaintiff incorporates by reference the allegations of paragraphs 1 through 16 above.

18. Defendants' conduct constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

COUNT TWO

FALSE DESIGNATION OF ORIGIN

19. Plaintiff incorporates by reference the allegations of paragraphs 1 through 18 above.

20. Defendants' conduct constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

COUNT THREE

UNFAIR COMPETITION

21. Plaintiff incorporates by reference the allegations of paragraphs 1 through 20 above.

22. Defendants' conduct constitutes unfair competition in violation of the common law.

WHEREFORE, plaintiff prays for judgment against defendant as follows:

A. That the Court issue preliminary and permanent injunctions enjoining each defendant, along with their respective agents, servants, and employees, and those acting by, under, or in concert with any of them, from using in any manner plaintiff's mark NETEX®, or any other word or mark confusingly similar thereto, in any form, in connection with the sale, licensing or maintenance of communications software for electronic data transmission;

B. That the Court order defendants to transfer to plaintiff all of its right, title and interest in the domain name netex.com;

C. That the Court order defendants to account for and pay over the plaintiff all gains, profits and advantages derived by them from its infringement and other unlawful acts;

D. That the Court award to plaintiff compensatory damages consistent with plaintiff's proof; and

E. That the Court award such other and further relief as the Court may deem just and equitable.

Dated: ____________________.

GRAY, PLANT, MOOTY,
MOOTY & BENNETT, P.A.

By____________________________

Laura J. Hein
Attorney No. 155160
Attorneys for plaintiff
Network Executive Software, I:.c.
3400 City Center
33 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 343-2800

VERIFICATION

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

I, Craig Gust, am President of Network Executive Software, Inc. I hereby acknowledge that I have read the foregoing Verified Complaint and that the facts stated therein are true to the best of my knowledge, information and belief.

Craig Gust

Subscribed and sworn to before me
this 12 day of July, 2000.

Laura Joan Hein
Notary Public

LAURA JOAN HEIN
Notary Public
Minnesota
My Commission Expires Jan. 31, 2005

GP:653100 v2